IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.:  3:21-390-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| LEROY DONNELL DIXON, SR. | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 441).  The defendant avers that he has been diagnosed with a terminal illness.  He also suggests that he is entitled to relief based on a change in the law where marijuana was reclassified thus creating a disparity in his sentence.  Finally, in a supplement to his original motion, the defendant claims that he needs to care for his wife (who was also his co-defendant) who had a mental breakdown and lives alone.

The government opposes the defendant's motion, arguing that the defendant fails to present extraordinary and compelling circumstances to warrant his release and that the § 3553(a) factors weigh heavily against his release.  The defendant replied thereto.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties.  For the reasons which follow, the defendant's motion is respectfully denied.

1

PROCEDURAL HISTORY

In July 2021, the defendant and six other individuals were charged in a 5-count Indictment with conspiring to possess with intent to distribute 100 kilograms or more of marijuana throughout the Sumter area of South Carolina. The indictment charged the defendant in the following Counts:

Count 1:     conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(B); and 846;

Count 2:     possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 851;

Count 3:     possession of a firearm and ammunition having previously been convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime, in violation of 18 U.S.C. §§ 922(g)(l), 924(a)(2), and 924(e);

Count 4:     possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(l)(A)(i); and

Count 5:     possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§84l(a)(l), 84l(b)(l)(D) and18 U.S.C. § 2.

As provided by 21 U.S.C. §851, the government notified the defendant in the Indictment that he was subject to increased penalties based on a prior felony drug conviction from 2005 (ECF No. 3).

Ultimately, the defendant pleaded guilty to Count 2 of the Indictment pursuant to a written Plea Agreement (ECF No. 305). The defendant was held individually accountable for 228.94 kilograms of marijuana.

The Presentence Report (PSR) (ECF No. 406) prepared by the United States Probation Office determined that the defendant's criminal history category was IV (based on 9 criminal history points). However, because the defendant was previously convicted of two "controlled substance offenses," the defendant was determined to be a career offender as defined in U.S.S.G. § 4B1.1. and his criminal history category became VI. With a total offense level of 34, the defendant's Guideline sentencing range was 262 to 327 months. However, as the statutorily authorized maximum sentence of 10 years is less than the minimum of the applicable Guideline range, the Guideline term of imprisonment became 120 months pursuant to U.S.S.G. § 5G1.1(a). The defendant received enhancements for a firearm, keeping a stash house, being a leader/organizer, and for obstruction.[1]

The defendant asked the court for a variance based on his health, violence in prison, his criminal history, and marijuana generally. At the defendant's sentencing hearing on May 8, 2023, the defendant withdrew his objections and this court accepted the PSR. The court found the defendant to be a career offender, but his offense level was higher. Although his Guideline range was 262 to 327 months, a statutory cap of 120 months was required. Thus, the court sentenced the defendant to 120 months incarceration and four years of supervision.

The defendant did not appeal his conviction or sentence nor has he filed a motion to

---

[1] The defendant told his two of his co-defendants (his wife and stepson) in recorded jail phone calls to sign proffer agreements, pretend to cooperate, and give no information that would be pertinent to his case. As a result of this obstruction, the defendant lost points for acceptance of responsibility.

vacate or correct his sentence under 28 U.S.C. § 2255.

The defendant is currently 58 years of age and his date of release from the BOP is scheduled for April 2029. He is presently housed at Edgefield Federal Correctional Institution.

STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of

circumstances qualifying as extraordinary and compelling falls into several categories: (1) the

defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family

circumstances; (4) whether the defendant was the victim of certain abuse while in custody;

(5) any other circumstances or combination of circumstances that, when considered by

themselves or together with any of the preceding categories, are similar in gravity; and (6)

an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

### *Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the

defendant must have completed the initial step of requesting that the Bureau of Prisons

(BOP) bring a motion on his behalf. The defendant may file a motion with the court: (1) after

fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See*

*United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not dispute the defendant's exhaustion of his administrative

remedies.  Thus, the court will proceed to review the matters on the merits.[2]  *See United*

---

[2] In footnote 3 of its Opposition Memorandum (ECF No. 475), the government maintains that U.S.S.G. § 1B1.13(b)(6) is not a valid basis to grant compassionate release because the Sentencing Commission exceeded its authority in enacting U.S.S.G. § 1B1.13(b)(6) and, therefore, it cannot form a valid basis for granting compassionate release.

In considering the government's arguments that U.S.S.G. § 1B1.13(b)(6) is an invalid basis for compassionate release, this court follows the lead of other courts in this Circuit, which have addressed similar arguments. *See United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *5 (E.D. Va. Feb. 13, 2025); *United States v. Fields*, No. 5:12-CR-00002, 2024 WL 4520353, at *6–*7 (W.D. Va. Oct. 17, 2024). These courts found that the enactment of the Policy Statement, including § 1B1.13(b)(6), are in line with prior Fourth Circuit precedent. *See Spencer*, 2025 WL 572398 (citing *United States v. McCoy*, 981 F.3d

*States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

## DISCUSSION

The Sentencing Commission issued a policy statement, amended in November 2023, that governs reduction of sentences under § 3582(c)(1)(A). The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(A). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(B). Third, extraordinary and compelling reasons exist when the defendant is "suffering from a medical condition that requires long-term or

---

271, 286–87 (4th Cir. 2020); *United States v. Davis*, 99 F.4th 647, 658 (4th Cir. 2024)); *Fields*, 2024 WL 4520353, at \*6–\*7 (*citing Davis*, 99 F.4th at 654). The court in *Fields* further explained that Congress presumably reviewed § 1B1.13(b)(6) and (c) during the 180-day period the revised guidelines were under review and took no action. 2024 WL 4520353 at \*8. Moreover, Congress retains the authority to take action using its authority to override § 1B1.13(b)(6) and (c) if it believes it runs afoul of the doctrine of the separation of powers and has chosen not to do so. *Id*.

This court likewise finds § 1B1.13(b)(6) and (c) are consistent with the pertinent provisions of existing Federal statutes and thus form a valid basis for seeking compassionate release at this time. Thus, the court will analyze the defendant's motion on the merits.

specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in heath or death." U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(C).

## I. *Medical Conditions*

In this motion for compassionate release (ECF No. 441), the defendant claims that he is suffering from a terminal illness. Specifically, he states that he suffers from heart disease, Type II diabetes, and high blood pressure. The court has reviewed the defendant's BOP medical records filed under seal by the government (ECF No. 476).

In its response in opposition (ECF No. 475), the government suggests that none of these conditions claimed by the defendant constitutes a terminal illness. The government notes that the defendant has had heart problems for years, had a stent placed in his heart in 2014, and that such heart condition did not affect his commission of the crimes in this case. The government further states that the defendant's BOP medical records clearly indicate that the defendant does not meet the "terminal, debilitated or elderly with medical conditions criteria" under U.S.S.G. § 1B1.13(b)(1). The defendant's diabetes is non-insulin dependent and managed with medications. His medical records confirm that he is being provided ample medical care at the BOP.

This court agrees with the government that there is nothing extraordinary and compelling about the defendant's present medical conditions. None of the claimed medical conditions qualify as a serious physical or medical condition that would diminish the defendant's ability to provide self care within the BOP and from which he is not expected

to recover.  Nor does the defendant require long-term or specialized care that is not being provided for.  *See* U.S.S.G. § 1B1.13, cmt. N.1(b)(1)(B).  Accordingly, this claim is denied.

## II. *Family Circumstances*

In a supplement to his motion for compassionate release (ECF No. 467), the defendant asserts that his wife (who was also his co-defendant) was formerly in a mental hospital because she had a breakdown and she now stay in their home by herself.  It appears the defendant raises this claim under U.S.S.G. § 1B1.13(b)(3)(B).  This court sentenced the defendant's wife, Latanya Dixon, to a term of five years probation for her involvement in this case and she is presently being supervised by the U.S. Probation Office in South Carolina.  The government notes that it spoke with Ms. Dixon's probation officer in February 2025 who reported that Ms. Dixon is at home and working full time, thus she is not incapacitated.  Moreover, the defendant, in his reply brief (ECF No. 477) admits that his wife missed work for several weeks in December 2024, but now "she is back in business."

No where in his motion or reply does the defendant claim or provide proof that he is the only care giver for his wife.  According to Ms. Dixon's Presentence Report, she has at least six family members in Columbia and Sumter, South Carolina that could care for her if she became incapacitated.

The court does not find this to be an extraordinary and compelling claim for compassionate release, nor has the defendant met his burden to prove the same.

### III. *Change in the Law*

The defendant claims he is entitled to relief based on a change in the law where marijuana is now reclassified as a Schedule III drug instead of Schedule I.

As the government points out, U.S.S.G. § 1B1.13(b)(6) allows a court to reduce a sentence where the prisoner (1) received an unusually long sentence; and (2) as served at least 10 years of that sentence; and (3) a change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed today. The defendant cannot meet any of these criteria.

To begin with, the defendant has only served 48 months of his 120-month sentence so he is not eligible for relief. Defendant's claim under § (b)(6) is without merit because he has not served the threshold term of 10 years.

In his reply (ECF No. 477), the defendant concedes that the marijuana reschedule "has been put off but never decided on as of March 2025." The defendant also confirms that his wife is back in business and hoping for her husband's release to help support her mentally and financially.

### IV. *Factors Under 18 U.S.C. § 3553(a)*

The government argues that even if the defendant had presented extraordinary and compelling reasons (which this court has determined herein that the defendant has not), the court should deny his motion in light of the statutory sentencing factors under 18 U.S.C. § 3553(a), because the factors weigh heavily against the defendant's release.

The government first notes that the defendant has already received a sentence of less than half of his actual Guidelines due to the statutory maximum (ECF No. 406 at 133). The government argues that the defendant's history and characteristics are not favorable as he has a criminal history category of VI, with three prior federal drug convictions and a 40-year criminal history, resulting in his classification as a career offender.

The government also points out that the defendant was determined to be the leader of a drug conspiracy from 2013 to 2019, he maintained a stash house with firearms, and he obstructed justice with family members. When drugs were found in his house, the defendant fled from law enforcement and hid under his house.

With regard to post-sentencing conduct, the court notes that the defendant is enrolled in the GED program at the BOP, that he has had no disciplinary reports in the last six months (as of December 31, 2024), and that he has completed his drug education. It also appears that the defendant has had a work detail with various divisions of the BOP while incarcerated.

Because this court does not find an extraordinary or compelling reason on any of the defendant's claims, there is no need for the court to further discuss the § 3553(a) factors.

## CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the foregoing reasons, the court determines that the defendant has not presented an extraordinary and compelling reason for a reduced sentence. The defendant's motion for compassionate release

is respectfully denied (ECF No. 441).

       IT IS SO ORDERED.

September 8, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge